

**FILED**
DISTRICT COURT OF GUAM
FEB 21 2002
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

MARGARITA O. DIZON,

    Defendant-Petitioner.

Criminal Case No. 00-00088

**ORDER**

This matter is before the Court on petitioner's motion to set aside, correct or vacate her sentence of 72 months pursuant to 28 U.S.C. § 2255. Finding no basis for relief as requested, the Court DENIES the petitioner's motion.

**I.    FACTUAL BACKGROUND**

On June 29, 2000, an individual known as Jun Acuna gave the petitioner 600 grams of crystal methamphetamine, "ice," while she was in the Philippines to transport to Guam. The petitioner gave 300 of the 600 grams to Maria Paloma Tamashiro ("Ms. Tamashiro") to transport into Guam and kept the other 300 for herself to carry. On June 30, 2000, the petitioner and Ms. Tamashiro traveled from Manila, Philippines to Guam. Upon their arrival at the Antonio B. Won Pat Guam International Airport, the women were searched during a customs inspection. Customs agents found approximately 293 grams of crystal methamphetamine, "ice," concealed in the petitioner's underwear and another 293.8 grams on Ms. Tamashiro. The combined net weight of the packages of drugs seized from the petitioner and Ms. Tamashiro was 586.8 grams.

The petitioner executed a formal written plea agreement pursuant to Fed. R.Crim. P. 11(e)(1)(B) with the government on July 5, 2000. She pled guilty to importation of crystal methamphetamine, a.k.a. "ice", in violation of 21 U.S.C. §§ 952(a) and 960. On February 22, 2001, this Court sentenced the petitioner to 72 months imprisonment and three years of supervised release upon her release from imprisonment. Petitioner did not appeal her sentence. On September 12, 2001, petitioner wrote a letter to the Court and attached a section 2255 motion to it. See Exhibit 1 attached herein.

## II. DISCUSSION

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Although not well pled, the petitioner appears to be arguing that her sentence was improper under 2D1.1(c). In determining her base offense, the amount of drugs petitioner was determined to have imported was 586.8 net grams. The petitioner contends that only 293 grams should have been attributed to her for purposes of determining the base offense level, because that is the amount she personally carried.

In determining a base offense level, sentencing Guideline § 1B1.3 includes in the definition of relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)-(B). Subsection (a)(1)(A) imposes both direct and vicarious accountability, making a defendant accountable for the defendant's own acts and omissions and for acts and omissions of another that the defendant aided, abetted, counseled, commanded, induced, procured, or willfully caused. For example, a defendant who assists in offloading a single shipment of drugs is accountable for the entire shipment, regardless of reasonable foreseeability. U.S.S.G. § 1B1.3 (n. 2, illus. (a)(1))

The factual rendition as set forth in the plea agreement stated that the petitioner asked Ms. Tamashiro to transport drugs into Guam. At no time did the petitioner object to the facts as presented in the plea agreement or to this Court at sentencing. Because the record reflects that the petitioner asked Ms.

Tamashiro to import 293.8 grams of methamphetamine, it was proper for the petitioner to be sentenced under § 1B1.3(a)(1)(A) for the total amount of drugs imported by both the petitioner and Ms. Tamashiro.

### III. CONCLUSION

Because the petitioner was properly sentenced under the United States Sentencing Guidelines, the Court finds no basis for relief as requested and therefore **DENIES** the petitioner's motion.

IT IS SO ORDERED, this 21st day of February, 2002.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 2-21-02. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Marilyn B. Alcon 2-21-02
Deputy Clerk / Date

- 3 -

M E M O R A N D U M

TO:    Honorable Judge John S. Unpingco
       U.S. District Judge for the District of Guam

FROM:  Margarita O. Dizon   U.S.M. # 02050-093   Docket # 00-00088-001
       presently incarcerated at; Federal Correctional Institution
       Dublin, Ca. 94568
       Sentence Date; February 22, 2001
       Felony A ; Importation of Methamphetamine 21 U.S.C. 952 (a) and 960

Your Honor, under my offense level computation the guideline section for importation of methamphetamine was used 2D1.1; the base level was set in 2D1.1 (a)(3) which bases on drug Quantity table under sebsection (c) and the amount used was 586.8 net grams which bringme to level 36.

But I did not have 586.8 grams I have 293.0 net grams with me, for which my total Offens Level is "29" and not "33". The Base Offense Level is 32 and not 36 for which I am asking you; to either correct the sentence or appoint a Federal Public Defender to correct my case and length of sentence.

My Plea Agreement was made pursuant to; Rule 11 (e)(i)(B)

   I fully and completely cooperated with the U.S. Goverment and its federal agentes. Nothing was withheld in my efforts for full disclosure concerning the criminal activity.

   The goverment's agents were unprepared for the "Stake-Out", Due to their lack of preparation, the event was unsuccessful. This has placed my life in actual physical jeopardy due to the lack of a successful completion to the stake-Out.

   I again complied fully in this agreement. Now I am seeking protection.
   I am seeking protection to the Witness Protection Program for the purpose of a new identity & relocation to insure my safety.

   Maria P. Tamashiro, Docket # 00-00094-001; was also her 2nd delivery for Mr. Acuna, she traveled before the same route 4 month's before about February or March of 2000 now she is here at the same location but in the camp section, she is a very smart woman and the same way I find out she is here she is to find out I am here, but please DO NOT transfer me any where else.

Your Honor, I need help in my case. To my knowledge there are many mistakes and I am sure an Appelation is in order. Please appoint counsel for me in this matter.

                                    Thank You for your attention.
                                       Sincerely

                                       *Margarita O. Dizon*
                                       Margarita O. Dizon

Exhibit 1

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

# United States District Court

| | |
|---|---|
| District | District of Guam |
| Name of Movant | Margarita O. Dizon |
| Prisoner No. | 02050-093 |
| Case No. | Docket # 00-000-88-001 |
| Place of Confinement | Federal Correctional Institution Dublin, California |

UNITED STATES OF AMERICA  v.  Margarita O. Dizon

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S.D.C. for the District of Guam.__

2. Date of judgment of conviction __February 22, 2001__

3. Length of sentence __72 Months   or   6 (six) years__

4. Nature of offense involved (all counts) __Importation of Methamphetamine 21 U.S.C. ss 952 (a) & 960 Class A felony.__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   __I enter guilty plea to my charge__

6. If you pleaded not guilty, what kind of trial did you have? (Check one)   N/A
   (a) Jury ☐
   (b) Judge only ☒ ✓

7. Did you testify at the trial?
   Yes ☐ No ☐   No Trial

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒ ✓

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

    (2) Nature of proceeding _____ N/A _____

    (3) Grounds raised _____ N/A _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☒ ✓

    (5) Result _____ N/A _____

    (6) Date of result _____ N/A _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____ N/A _____

    (2) Nature of proceeding _____ N/A _____

    (3) Grounds raised _____ N/A _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I am appealing now, that I know some facts where overseeing at my sentencing. (see atached brief).

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: <u>If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

    A. Ground one: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

    B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

    C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
  Yes ☐ No ☒ ✓

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

  (a) At preliminary hearing __Robert E. Hartsock    Attorney at Law__
  __400 Route 8  -  F.H.B. Building Suite 310 -   Mongmong, Guam    96927__

  (b) At arraignment and plea __Same as above    phone # 671-472-7111__

  (c) At trial __Same as above__

  (d) At sentencing _____

(6)

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒ ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒ ✓

   (a) If so, give name and location of court which imposed sentence to be served in the future: __N/A__

   (b) Give date and length of the above sentence: __February 22, 2001   the lengh  72 months  or six years - Projected Released date  June 13, 2006.__

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☒ ✓

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__Sept. 06, 2001__
(date)

_Margarita O. Dizon_
Signature of Movant

(7)